UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TAYLOR SCOTT,<br><br>                          Plaintiff,<br><br>v.<br><br>GINO MORENA ENTERPRISES, L.L.C., a California limited liability company; and DOES 1 to 50, inclusive,<br><br>                          Defendants. | Case No.: 15-CV-550 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 46) |
|---|---|

Presently before the Court is Defendant Gino Morena Enterprises, LLC's Motion for Summary Judgment. (MSJ, ECF No. 46.) Also before the Court are Plaintiff Taylor Scott's Opposition to (ECF No. 48) and Defendant's Reply in Support of (ECF No. 49) the MSJ, as well as Defendant's (ECF No. 46-1 at 8 n.1[1]) and Plaintiff's (ECF No. 48-1 at 2 n.1) Requests for Judicial Notice (RJNs)[2] and Defendant's Notice of Recent Authority

---

[1] Citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of the page.

[2] Both parties ask the Court to take judicial notice of "all court filings submitted" in this case pursuant to Federal Rule of Evidence 201. (*See* Def.'s RJN, ECF No. 46-1 at 8 n.1; Pl.'s RJN, ECF No. 48-1 at 2 n.1.) Because the Court "may take judicial notice of the existence of matters of public record, such as a prior order or decision," *Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006), the Court **GRANTS** the parties' RJNs.

(ECF No. 51).  A hearing was held on June 23, 2016 at 1:30 p.m.  Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's MSJ.  (ECF No. 46.)

## BACKGROUND

Plaintiff began working for Defendant in April 2011.  (Pl.'s Statement of Genuine Disputes in Opp'n to Def.'s MSJ (Pl.'s Stmt.) No. 1, ECF No. 48-1.)  During her employment, Plaintiff was subjected to harassment on account of her gender and retaliation in connection with her refusal to comply with her employer's advances.  (*Id.* at No. 2.)

On November 13, 2013, Plaintiff spoke with Karen Rice at the California Department of Fair Employment and Housing (DFEH) and filed a Fair Employment and Housing Act (FEHA) complaint against Defendant.  (Decl. of Leah S. Strickland (Strickland Decl.) Ex. AA, ECF No. 46-7 at 15; *see also* Pl.'s Stmt. No. 3, ECF No. 48-1.)  Plaintiff's complaint claimed that she was sexually harassed by her manager, Judy Lifesy, "by yelling . . . , changing the temperature of the thermostat and throwing things."  (FAC Ex. 1 at 5, ECF No. 31-1.)  Plaintiff's notes from her telephone conversation with Ms. Rice indicate "365 days" in relation to "Dept of Fair Employment & Housing" and "w/in 30 days an investigator will call to determine if [Plaintiff's DFEH complaint is] actionable."  (Strickland Decl. Ex. AA, ECF No. 46-7 at 136.)  Regarding "EEOC – federal coverage," by contrast, Plaintiff records that "DFEH will send their filing to the EEOC" and "statute of lim 300 days."  (*Id.*)

The DFEH transferred Plaintiff's claim to the Equal Employment Opportunity Commission (EEOC) on November 19, 2013 (Pl.'s Stmt. No. 10, ECF No. 48-1), and the DFEH sent Plaintiff a right-to-sue letter on November 25, 2013 (*id.* at No. 4).  The right-to-sue letter indicated that the DFEH "ha[d] closed [Plaintiff's] case for the following reason: Administrative Dismissal – Waived to Another Agency."  (FAC Ex. 1 at 7, ECF No. 31-1; *see also* Pl.'s Stmt. No. 10, ECF No. 48-1.)  The letter explained that "**[t]his is [Plaintiff's] Right to Sue notice**. . . .  The [FEHA] civil action must be filed within one year from the date of this letter."  (FAC Ex. 1 at 7, ECF No. 31-1 (emphasis in original).)  The letter further provided that Plaintiff's "complaint **is dual filed** with the [EEOC].

1  [Plaintiff] ha[s] a right to request EEOC to perform a substantial weight review of
2  [DFEH's] findings . . . within fifteen (15) days of . . . receipt of this notice." (*Id.* (emphasis
3  in original).) (*Id.*) Finally, the letter explained:

> Although DFEH has concluded that the evidence and information did not support a finding that a violation occurred, the allegations and conduct at issue may be in violation of other laws. [Plaintiff] should consult an attorney as soon as possible regarding any other options and/or recourse [she] may have regarding the underlying acts or conduct.

(*Id.* at 8.) The letter then provided contact information for the State Bar of California Lawyer Referral Services Program. (*Id.*) Soon thereafter, on December 22, 2013, Plaintiff left Defendant's employ. (FAC ¶ 23, ECF No. 31; *see also* Pl.'s Stmt. No. 1, ECF No. 48-1.)

Meanwhile, Plaintiff was confused about whether the DFEH or EEOC was investigating her claims. (Pl.'s Stmt. No. 14, ECF No. 48-1.) Plaintiff followed up with Ms. Rice at the DFEH on October 15, 2014. (Strickland Decl. Ex. AA, ECF No. 46-7 at 18.) Plaintiff does not remember speaking with Ms. Rice between November 13, 2013 and October 15, 2014. (*Id.* at 16.) Ms. Rice provided Plaintiff with the EEOC's contact information. (*Id.* at 18.) Plaintiff does not know whether she contacted the EEOC prior to October 15, 2014. (*Id.* at 21.) When Plaintiff contacted the EEOC on October 15, 2014, she learned that the EEOC was still investigating her claims. (Pl.'s Stmt. No. 14, ECF No. 48-1; *see also id.* at No. 16.)

Plaintiff hired counsel on November 12, 2014. (Strickland Decl. Ex. AA, ECF No. 46-7 at 25.) Plaintiff then filed a second complaint with the DFEH on November 17, 2014. (Pl.'s Stmt. No. 9, ECF No. 48-1.) Specifically, Plaintiff recounted the allegations leading to her first DFEH complaint, then noted:

> After [she] filed [her] complaint and received [her] right to sue letter, Lifesy and [Katie] Shepler[, Plaintiff's General Manager,] gave [Plaintiff] a final warning (although this was the very first warning [Plaintiff] received while [she] was employed by

> [Defendant]). After the unfair treatment, harassment and retaliation and the immediate warning after [Plaintiff] filed [her] DFEH complaint, [she] was unable to withstand any further retaliatory harassing and unfair treatment and left [Defendant']s employ knowing that they were setting [Plaintiff] up for termination.

(Compl. Ex. 2, ECF No. 1-1 at 34.) Plaintiff's second DFEH right-to-sue letter, which was issued that same day, explained that, "[t]o obtain a federal Right to Sue notice, [Plaintiff] must visit the [EEOC] to file a complaint within 30 days of receipt of this DFEH Notice . . . or within 300 days of the alleged discriminatory act, whichever is earlier." (*Id.* at 30.)

Plaintiff filed her original Complaint on November 20, 2014 in the Superior Court of California, County of Orange, alleging various violations of FEHA. (Pl.'s Stmt. No. 17, ECF No. 48-1; *see also* ECF No. 1-1.) Defendant removed to the Central District of California. (Pl.'s Stmt. No. 18, ECF No. 48-1; *see also* ECF No. 1.) The parties then stipulated to transfer Plaintiff's case to this Court. (Pl.'s Stmt. No. 19; ECF No. 48-1; *see also* ECF Nos. 17, 18.) On May 22, 2015, Defendant filed a motion for judgment on the pleadings, asking the Court to dismiss Plaintiff's FEHA causes of action as preempted by the federal enclave doctrine. (Pl.'s Stmt. No. 20; ECF No. 48-1; *see also* ECF No. 26-1 at 25.)

On June 3, 2015, the EEOC issued a Notice of Right to Sue under Title VII. (Pl.'s Stmt. No. 21, ECF No. 48-1; *see also* FAC Ex. 2, ECF No. 31-2.) The letter was "issued on request" and indicated that "[m]ore than 180 days have passed since the filing of this charge" and "[t]he EEOC is terminating its processing of this charge." (FAC Ex. 2 at 2, ECF No. 31-2.) The EEOC right to sue notice indicated that Plaintiff's "lawsuit under Title VII . . . **must be filed . . . <u>WITHIN 90 DAYS</u> of . . . receipt of this notice**; or [the] right to sue based on this charge will be lost." (*Id.* (emphasis in original); *see also* Pl.'s Stmt. No. 22, ECF No. 48-1.) Plaintiff had not received notice from either the DFEH or the EEOC prior to this time indicating a deadline by which she was required to file her Title VII claims. (Pl.'s Stmt. No. 15, ECF No. 48-1.)

On June 11, 2015, the parties filed a joint motion, stipulating to the dismissal with prejudice of Plaintiff's state law claims. (Pl.'s Stmt. No. 24, ECF No. 48-1; *see also* ECF No. 28 at 2.) Plaintiff filed her FAC on June 22, 2015. (Pl.'s Stmt. No. 25, ECF No. 48-1; *see also* ECF No. 31.)

On July 8, 2015, Defendant moved to dismiss Plaintiff's claims as barred by the statute of limitations. (Pl.'s Stmt. No. 26, ECF No. 48-1; *see also* ECF No. 34.) The Court denied Defendant's motion, noting that even assuming that Plaintiff's Title VII claims were untimely, equitable tolling might apply. (Pl.'s Stmt. No. 27, ECF No. 48-1; *see also* ECF No. 39.)

Magistrate Judge William V. Gallo convened a telephonic status conference on February 3, 2016, at which he allowed the parties to engage in focused discovery concerning the issue of equitable tolling for the purposes of filing an early motion for summary judgment on that issue. (ECF No. 45.) Defendant filed the instant MSJ on April 5, 2016. (ECF No. 46.)

## LEGAL STANDARD

Summary judgment, or partial summary judgment, is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court weighs the evidence to be presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating to the Court that the nonmoving party "failed to make

1  a sufficient showing on an essential element of her case with respect to which she has the
2  burden of proof." *Id*. at 322–23.

3  Once the moving party satisfies this initial burden, the nonmoving party must set
4  forth specific facts showing that there is a genuine issue for trial. *Id.* at 324. To do so, the
5  nonmoving party "must do more than simply show that there is some metaphysical doubt
6  as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
7  586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a
8  showing sufficient to establish the existence of [every] element essential to that party's
9  case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at
10 322. Furthermore, the nonmoving party cannot oppose a properly supported motion for
11 summary judgment by "rest[ing] upon mere allegations or denials of his pleadings."
12 *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must identify those facts of record
13 that would contradict the facts identified by the movant. *Id.* at 256–57. While "the mere
14 existence of *some* alleged factual dispute between the parties will not defeat an otherwise
15 properly supported motion for summary judgment, . . . summary judgment is not warranted
16 if a reasonable jury could return a verdict for the nonmoving party." *United States v.*
17 *Arango*, 670 F.3d 988, 992 (9th Cir. 2012) (emphasis in original; citations and internal
18 quotation marks omitted).

## ANALYSIS

20 Defendant asks the Court to grant summary judgment and enter judgment in its favor
21 on the grounds that the statute of limitations bars Plaintiff's claims and equitable tolling
22 should not apply. (MSJ Mem. 30, ECF No. 46-1.) The Court addresses each issue in turn.

**I.    Statute of Limitations**

24 "Before bringing suit under Title VII, a plaintiff must exhaust the administrative
25 remedies available under section 2000e-5." *Karim-Panahi v. Los Angeles Police Dep't*,
26 839 F.2d 621, 626 (9th Cir. 1988). "Under the statute, a plaintiff must initially file a timely
27 charge with the EEOC and . . . receive a right-to-sue letter from the agency and then file
28 any related [federal] court action within 90 days of receipt of the letter." *Davenport v. Bd.*

*of Trustees of State Ctr. Cmty. Coll. Dist.*, No. 1:07-CV-00494OWWSMS, 2009 WL 891057, at *9 (E.D. Cal. Mar. 31, 2009) (citing *Karim-Panahi*, 839 F.2d at 626; 42 U.S.C. §§ 2000e-5(f)(1)). "Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary." *Karim-Panahi*, 839 F.2d at 626 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 & n.3 (9th Cir. 1984)).

### A.   Claims Based on the November 25, 2013 Right-to-Sue Notice

Defendant first argues that any Title VII claims arising from Plaintiff's November 13, 2013 DFEH complaint and November 25, 2013 right-to-sue notice are untimely because Plaintiff failed to file those claims within the statute of limitations. (*See* MSJ Mem. 17–20, ECF No. 46-1.) A plaintiff filing a complaint under Title VII generally has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). The Ninth Circuit has recognized, however, that "[a]fter receiving an EEOC right-to-sue letter or becoming eligible for one by the Commission's inaction [for 180 days, as specified in 42 U.S.C. § 2000e-5(f)(1)], a plaintiff generally has 90 days to file suit." *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010); *accord Rucker v. Sacramento Cnty. Child Protective Servs.*, 462 F. App'x 762, 763 (9th Cir. 2011) (citing *Stiefel*, 624 F.3d at 1245); *Fresquez*, 2014 WL 1922560, at *6 (citing *Stiefel*, 624 F.3d at 1245).

Plaintiff filed her first complaint with the DFEH on November 13, 2013 (Pl.'s Stmt. No. 3, ECF No. 48-1), and received her first DFEH right-to-sue letter on November 25, 2013 (*id.* at No. 4). Under the DFEH and EEOC's work sharing agreement, Plaintiff's charge is therefore treated as constructively filed with the EEOC as of November 25, 2013, at the very latest.[3] *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000).

---

[3] Defendant claims that Plaintiff's 90-day statute of limitations began to run 180 days after she filed her complaint with the DFEH on November 13, 2013. (MSJ Mem. 19–20, ECF No. 46-1.) Consequently, Defendant calculates the expiration of Plaintiff's Title VII statute of limitations as August 10, 2014 (*id.* at 20), rather than August 22. Because Plaintiff's claims are untimely even under the more generous

Plaintiff became eligible for an EEOC right-to-sue letter after 180 days of the EEOC's inaction, *see Rucker*, 462 F. App'x at 763, on May 24, 2014. Consequently, Plaintiff's 90-day window in which to file suit expired on August 22, 2014. Because Plaintiff failed to file suit until November 20, 2014—or assert her Title VII claims until June 22, 2015—Plaintiff's Title VII claims arising from her November 13, 2013 DFEH complaint are untimely.[4] *See id.*

Although Plaintiff argues that she timely amended her complaint to add her Title VII claims within 90 days of receiving the EEOC's right-to-sue letter (*see* Opp'n 15–18, ECF No. 48), which explicitly informed Plaintiff that her "lawsuit under Title VII . . . **must be filed . . . WITHIN 90 DAYS of . . . receipt of this notice**" (FAC Ex. 2 at 2, ECF No. 31-2 (emphasis in original); *see also* Pl.'s Stmt. No. 22, ECF No. 48-1), the Court believes that the EEOC "is powerless to waive or extend the plaintiff's time to file suit." *Isahack v. United States*, No. 00 CIV. 9656 (BSJ), 2001 WL 1456519, at *3 (S.D.N.Y. Nov. 15, 2001) (quoting *Solomon v. United States*, 566 F. Supp. 1033, 1036 (E.D.N.Y. 1982)) (internal quotation marks omitted). Accordingly, the Court concludes that Plaintiff's Title VII claims arising from her November 13, 2013 complaint with the DFEH are time-barred.

### B.   Claims Based on the November 17, 2014 Right-to-Sue Notice

Defendant also argues that any Title VII claims arising from Plaintiff's November 17, 2014 DFEH charge and right-to-sue notice are separately barred because Plaintiff failed to file a separate charge with the EEOC within 180 or 300 days. (*See* MSJ Mem. 20–22, ECF No. 46-1.) An individual seeking relief under Title VII must file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment

---

calculation the Court has adopted, the Court need not resolve whether Plaintiff's claims were constructively filed with the EEOC on November 13 or November 25, 2013.

[4] Defendant also argues that Plaintiff's 90-day statute of limitations began running upon Plaintiff's receipt of her DFEH right-to-sue letter on November 25, 2013, and that the statute of limitations therefore expired on January 24, 2014. (MSJ Mem. 18, ECF No. 46-1.) Because the Court concludes that Plaintiff's Title VII claims were untimely under the more generous "180 days plus 90 days" timeline outlined in *Rucker* and *Stiefel*, the Court declines to address this argument.

practice occurred" or within 300 days if the individual first "institute[s] proceedings with a State or local agency with authority to grant or seek relief from such [alleged unlawful] practice." 42 U.S.C. § 2000e-5(1). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. *See Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998).

Here, Plaintiff left her job with Defendant on December 22, 2013. (Pl.'s Stmt. No. 1, ECF No. 48-1.) At the latest, Plaintiff was required to file her second DFEH complaint by October 18, 2014. She did not file her second complaint, however, until November 17, 2014. (*Id.* at No. 9.) Because Plaintiff failed to file her complaint with the DFEH within 300 days, the Court concludes that any claims based on the November 17, 2014 DFEH complaint are also time-barred.

## II.     Equitable Tolling

Having determined that Plaintiff failed to file her claims within the statute of limitations, the Court next addresses whether her claims are saved by equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Court concludes that Plaintiff has failed to meet her burden of establishing reasonable diligence and therefore is not entitled to equitable tolling.

"[T]he standard for reasonable diligence . . . requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.'" *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011) (internal quotation marks omitted), *aff'd*, 135 S. Ct. 1625 (2015). "Central to the analysis is whether the plaintiff was "without any fault" in pursuing his claim." *Id.* (citing *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir.1996)).

Defendant argues that Plaintiff was not reasonably diligent because she "let nearly a year pass, doing nothing except, apparently, re-copying her notes and losing or destroying

the originals." (MSJ Mem. 24, ECF No. 46-1.) Defendant adds that "[a] reasonably prudent person would at least [have] sought to gain a better understanding of the legal notices received before allowing another eleven months to pass." (*Id.*) Plaintiff counters that she was diligent because she timely filed her state court claims and then promptly amended to add her federal claims upon learning of the statutory deadline. (Opp'n 20–22, ECF No. 48.) In its Reply, Defendant notes:

> Had [Plaintiff] filed her state law claims before her federal law claims expired, following the wrong line of "precedent" would not bar those claims. But Plaintiff not only chose what claims to file, but when to further investigate their status, waiting for over 10 months before calling the DFEH or EEOC, almost 11 months before seeking the advice of counsel (as suggested by the DFEH in November of 2013), and almost 12 months before filing her state-law claims. Choosing to pursue only state-law claims *after* her federal claims expired was either a calculated strategic decision, or a mistake of law. Either way, it does not toll the statute.

(Reply 6, ECF No. 49 (emphasis in original).)

The Court agrees with Defendant. When Plaintiff filed her first complaint on November 13, 2013, she learned from Ms. Rice that her claim would be filed with both the DFEH and EEOC. (Strickland Decl. Ex. AA, ECF No. 46-7 at 136.) Plaintiff also noted that she would be contacted by an investigator within thirty days to determine whether her DFEH claim was actionable. (*Id.*) Plaintiff was apparently informed about a "stat of limitations" of 300 days for the EEOC, shorter than the 365 days she recorded for the DFEH. (*Id.*) Plaintiff received a charge transmittal letter on November 19, 2013 (Pl.'s Stmt. No. 10, ECF No. 48-1) and her DFEH right-to-sue letter on November 25, 2013 (*id.* at No. 4). The DFEH right-to-sue letter reiterated that Plaintiff's DFEH complaint was dual filed with the EEOC and that Plaintiff had one year in which to file a civil action under FEHA. (FAC Ex. 1 at 7, ECF No. 31-1.) The letter explained that Plaintiff could request "a substantial weight review" from the EEOC within fifteen days. (*Id.*) The letter also cautioned that "the allegations . . . may be in violation of other laws" and that Plaintiff

"should consult an attorney as soon as possible regarding any other options and/or recourse [she] may have regarding the underlying acts or conduct." (*Id.* at 8.) Contact information for the State Bar of California's Lawyer Referral Services Program was provided so that Plaintiff could obtain counsel. (*Id.*)

Plaintiff's confusion about the two agencies and status of her claim (*see* Pl.'s Stmt. No. 14, ECF No. 48-1) is eminently understandable. There is no indication, however, that Plaintiff did anything further regarding her complaints with either agency—or her confusion—until eleven months later, when she finally followed up with Ms. Rice at the DFEH October 15, 2014. (Strickland Decl. Ex. AA, ECF No. 46-7 at 18.) Nothing suggests that Plaintiff followed up with the DFEH when the thirty day window in which she expected to be contacted by an investigator had expired. Similarly, Plaintiff offers no evidence that she did anything within the 300 days she noted as relevant to the EEOC, even if the relevance of those 300 days was unrecognized. Plaintiff did not contact an attorney for nearly a year, despite being counseled that she should contact an attorney "as soon as possible" regarding her "other options and/or recourse." In short, there is no indication that Plaintiff did so much as to even Google the distinction between the DFEH and EEOC.

The Court simply cannot conclude—even viewing the facts most favorably to Plaintiff, *see Anderson*, 477 U.S. at 255—that a reasonable person in Plaintiff's circumstances would not have expended more effort. Plaintiff has failed to establish reasonable diligence, and "[her] lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin*, 498 U.S. at 96; *McQuiddy v. Ware*, 20 Wall. 14, 19 (1874)).[5] Accordingly, Plaintiff is not entitled to equitable tolling and her Title VII claims are time-barred.

///

---

[5] Although the Court is troubled by the EEOC's failure to send Plaintiff the right-to-sue notice to which she became entitled 180 days after she filed her charge and the EEOC had not filed a civil action, *see* 42 U.S.C. § 2000e-5(f)(1), the Court need not determine whether the EEOC's failure constituted "extraordinary circumstances" in light of the Court's conclusion that Plaintiff failed to carry her burden in demonstrating that she was reasonably diligent.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's MSJ (ECF No. 46) and **ENTERS JUDGMENT** in favor of Defendant. This Order concludes the litigation in this matter. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 21, 2016

Hon. Janis L. Sammartino
United States District Judge